IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CITIBANK, N.A.,

     Plaintiff,                        No. CIV S-10-02169 GEB KJN PS

     vs.

MARTHA HAYWOOD,

     Defendant.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff Citibank, N.A., filed an unlawful detainer action against defendant Martha Haywood in the Sacramento County Superior Court on July 13, 2010. On August 13, 2010, the defendant, proceeding without counsel, removed the case to this court and paid the required filing fee. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that provision.

        Defendant Haywood alleges that a federal question exists sufficient to support federal jurisdiction in this action. Defendant contends that plaintiff's mortgage activities were subject to federal law, including the Truth in Lending Act and the Real Estate Settlement Procedures Act, and that plaintiff violated those laws, as well as state laws. The civil cover sheet attached to defendant's notice of removal identifies "federal question" as the basis of jurisdiction.

        The general removal statute provides that "any civil action brought in a State court

1

of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted). Simply put, "an action must 'be fit for federal adjudication when the removal petition is filed.'" Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).

District courts are required to presume that the plaintiff's causes of action lie outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Hunter, 582 F.3d at 1042. Because removal is permissible only where original jurisdiction exists at the time of removal, the district court has a duty to establish sua sponte whether it has subject matter jurisdiction over a removed action. 28 U.S.C. § 1447(c); United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); Sparta Surgical Corp, 159 F.3d at 1211.

The removal statutes are strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A strong presumption for remand exists when the original jurisdiction of the district court is questionable. Gaus, 980 F.2d at 566.

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter, 582 F.3d at 1042. Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter, 582 F.3d at 1042. More precisely, federal question jurisdiction exists only if "a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotation marks and citations omitted).

In general, a defendant's actual or anticipated defense or counterclaim cannot supply the basis for federal question jurisdiction. Vaden v. Discover Bank, 129 S. Ct. 1262, 1272-73 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim" ); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 & n.2 (2002) (a federal law counterclaim, even when compulsory, does not establish "arising under" jurisdiction); Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918) (a case "cannot be made removable to federal court by any statement in the petition for removal or in subsequent pleadings by the defendant"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Here, a review of plaintiff's complaint reveals that the facts alleged therein do not present a basis for federal jurisdiction. The pleading is titled "Complaint For Unlawful Detainer" and asserts limited civil jurisdiction over a post-foreclosure eviction, with the amount demanded stated to be under $10,000. Plaintiff also cites state statutes to establish its ownership of the property.

The undersigned finds that the complaint does not plead any federal claim and that plaintiff's right to relief for unlawful detainer does not depend on the resolution of any question of federal law. No basis for federal question jurisdiction arises from the federal defenses and counterclaims suggested by defendant Haywood in her notice of removal.

Defendant has not carried her burden of establishing that plaintiff has alleged any

cause of action that provides this court with federal question jurisdiction.[1] The Ninth Circuit has held that "[i]f a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it." Sparta Surgical Corp., 159 F.3d at 1211.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the Sacramento County Superior Court for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).

DATED: October 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant has not asserted diversity jurisdiction.  Plaintiff's citizenship is unknown, but regardless, the complaint does not allege a sufficient amount in controversy.  See 28 U.S.C. § 1332(a).